# Exhibit A

**Proposed Form of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE PMI GROUP, INC., a Delaware Corporation,[1] | ) ) ) | Case No. 11-13730 (BLS) |
| | ) | |
| Debtor. | ) | Ref. Docket No. __ |

ORDER AUTHORIZING AND APPROVING (I) THE SALE,
CONVEYANCE, AND TRANSFER OF THE IMPACT TRANCHE E NOTE FREE
AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS
AND (II) GRANTING RELATED RELIEF

Upon consideration of the sale motion (the "**Motion**")[2] of the above-captioned debtor and debtor-in-possession (the "**Debtor**"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order (the "**Order**") approving and authorizing: (i) the sale of the Impact Tranche E Note to PMI Mortgage Insurance, Co. ("**MIC**"), free and clear of all liens, claims, encumbrances, and other interests and (ii) granting related relief; and the Court having reviewed the Motion, this Order, and objections thereto, if any; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the remainder of the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor;

---

[1] The last four digits of the Debtor's federal tax identification number are 9675. The Debtor's mailing address is 3003 Oak Road, Walnut Creek, California 94597 (Attn: L. Stephen Smith).

[2] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:** [3]

1. The Motion is GRANTED as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits and denied with prejudice. All persons and entities given notice of the Motion that failed to timely object thereto are deemed to have consented to the relief granted herein.

3. Pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, the Debtor is hereby authorized and empowered to sell, transfer, and convey the Impact Tranche E Note, free and clear of all liens, claims, encumbrances, and other interests, to MIC.

4. Within five (5) business days after the Order has become a final and non-appealable order, MIC shall irrevocably pay to the Debtor, in consideration for the sale and transfer to MIC of the Impact Tranche E Note, the sum of Four-Hundred Twelve Thousand, Seven-Hundred Twenty-Eight Dollars and Fifty Cents ($412,728.50) (the "**Note Payment**").

5. Simultaneously with delivery to the Debtor of the Note Payment, the Debtor shall (i) execute and deliver to MIC a customary agreement, in form and substance reasonably acceptable to MIC and the Debtor, selling, conveying and transferring to MIC all of the Debtor's right, title and interest in and to the Impact Tranche E Note and all payments or other consideration paid (from and after December 12, 2012) or payable on account thereof and (ii) pay and deliver to MIC any payments or other consideration received by the Debtor from and

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

01:13007667.8

after December 12, 2012 on account of the Impact Tranche E Note (except for payments by MIC to the Debtor under paragraph 4 of this Order).

6. The Impact Tranche E Note shall be sold, conveyed and transferred to MIC free and clear of all liens, claims, encumbrances, and other interests, pursuant to Bankruptcy Code sections 105 and 363. This Order shall be binding upon the Debtor, its estate, all creditors (whether known or unknown) of the Debtor, the Creditors' Committee, any and all successors and assigns to the foregoing, and any trustees appointed in this proceeding or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtor, any borrower or other obligor under the Impact Tranche E Note (the "**Obligor**"), the Lenders under the Loan Agreement (as defined in the Impact Tranche E Note), and all other parties-in-interest.

7. Irrespective of any transfer restrictions in the Loan Agreement, the transfer of the Impact Tranche E Note to MIC pursuant to this Order constitutes a legal, valid, binding and effective transfer of the Impact Tranche E Note, and MIC shall be fully and irrevocably vested with all right, title, and interest in and to the Impact Tranche E Note free and clear of any and all liens, claims, encumbrances or interests of any kind or nature whatsoever.

8. Any provision in the Loan Agreement or elsewhere that purports to prohibit, limit, restrict or condition the sale, transfer or conveyance of the Impact Tranche E Note is hereby deemed unenforceable, void and of no force and effect. All persons or entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the sale, transfer or conveyance of the Impact Tranche E Note to MIC pursuant to this Order, or with MIC's ownership of and right to receive payments under the Impact Tranche E Note.

9. Pursuant to 11 U.S.C. §§ 105(a) and 363(b), the Debtor and MIC, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transaction contemplated by the Motion and this Order, and to sell, transfer, and convey the Impact Tranche E Note and all ancillary rights to MIC.

10. MIC shall be entitled to retain, free and clear of any and all claims by the Debtor or its estate, any payments and other consideration that MIC has received, or may in the future receive, on account of the Impact Tranche E Note.

11. From and after the date of this Order, the Obligor shall make any payments owed under the Impact Tranche E Note to MIC. Notwithstanding the foregoing, in the event that any payments are made under the Impact Tranche E Note to the Debtor or any other person, the Debtor or such other person shall hold such payments in trust for the benefit of MIC and shall immediately deliver such payments to MIC, without delay, offset or deduction.

12. MIC is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the protections thereof.

13. The consideration provided by MIC for the Impact Tranche E Note, including the Note Payment, constitutes reasonably equivalent value and fair consideration for the Impact Tranche E Note. Such consideration was not the product of any collusion or other improper conduct and the sale of the Impact Tranche E Note to MIC may not be avoided under section 363(n) of the Bankruptcy Code or otherwise.

14. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtor and MIC may, in

01:13007667.8

their discretion and without further delay, close the Sale at any time, subject to the terms set forth in the Motion.

15. MIC shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its rights with respect to the Sale or any of its remedies under any documents effectuating, or otherwise relating to, the Sale.

16. The provisions of this Order are nonseverable and mutually dependent.

17. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order; provided, however, that nothing in the Motion or this Order shall be deemed a consent by MIC as to the jurisdiction of the Bankruptcy Court over any matter, including with respect to MIC, its assets or liabilities, any claim by MIC against the Debtor and/or any claim by the Debtor against MIC other than as necessary to enter this Order.

Dated: _____, 2013
       Wilmington, Delaware

_____
Brendan L. Shannon
United States Bankruptcy Judge

01:13007667.8