C-1

# EXHIBIT C

## PLAN RECOVERY AND
## CHAPTER 7 LIQUIDATION ANALYSIS

01:13502239.9

## THE PMI GROUP, INC.
## HYPOTHETICAL RECOVERY ANALYSIS

In connection with the Plan and Disclosure Statement, the following hypothetical recovery analysis (the "**Recovery Analysis**") has been prepared by the Debtor with the assistance of its restructuring professionals. This Recovery Analysis should be read in conjunction with the Plan and the Disclosure Statement.

This Recovery Analysis has been prepared for the purpose of evaluating whether the Plan meets the so-called "best interests of creditors" test under Section 1129(a)(7) of the Bankruptcy Code. The Recovery Analysis compares a recovery under the Plan to a hypothetical recovery that assumes the Debtor converts to a chapter 7 proceeding under the Bankruptcy Code on May 31, 2013 (the "**Liquidation Date**"). The Recovery Analysis is based on projected asset values as of June 30, 2013, based on information available to the Debtor as of the date hereof. These values, in total, are assumed to be representative of the Debtor's assets and liabilities as of the Liquidation Date.

The hypothetical conversion to a chapter 7 proceeding assumes the Debtor's assets are liquidated in a traditional liquidation with the loss of any going concern value attributable to these assets. A chapter 7 trustee (the "**Trustee**") would be appointed or elected to commence the liquidation of all of the Debtor's assets.

Estimating recoveries is an uncertain process due to the number of unknown variables and is necessarily speculative. Thus, extensive use of estimates and assumptions have been made that, although considered reasonable by the Debtor and its restructuring professionals, are inherently subject to significant business, economic and competitive uncertainties and contingencies beyond the control of the Debtor.

THE DEBTOR MAKES NO REPRESENTATIONS OR WARRANTIES REGARDING THE ACCURACY OF THE ESTIMATES AND ASSUMPTIONS OR THE ABILITY TO ACHIEVE FORECASTED RESULTS. ACTUAL RESULTS MAY VARY MATERIALLY FROM THE ESTIMATES AND PROJECTIONS SET FORTH IN THE RECOVERY ANALYSIS.

In preparing this Recovery Analysis, the amount of Allowed Claims has been projected based upon the Debtor's books and records. In the event litigation were necessary to resolve Claims asserted in a chapter 7 liquidation, the delay could be prolonged and Claims could further increase. The effects of this delay on the value of distributions under the hypothetical liquidation have not been considered. No Order or finding has been entered by the Bankruptcy Court estimating or otherwise fixing the amount of Claims at the estimated amounts set forth in the Recovery Analysis.

THE ESTIMATED AMOUNT OF ALLOWED CLAIMS SET FORTH IN THE RECOVERY ANALYSIS SHOULD NOT BE RELIED UPON FOR ANY OTHER PURPOSE, INCLUDING, WITHOUT LIMITATION, ANY DETERMINATION OF THE VALUE OF ANY DISTRIBUTION TO BE MADE ON ACCOUNT OF ALLOWED CLAIMS UNDER THE PLAN. THE ACTUAL AMOUNT OF ALLOWED CLAIMS IN THE CHAPTER 11 OR

THE HYPOTHETICAL CHAPTER 7 CASE COULD MATERIALLY AND SIGNIFICANTLY DIFFER FROM THE AMOUNT OF CLAMS ESTIMATED IN THE RECOVERY ANALYSIS. NOTHING CONTAINED IN THIS HYPOTHETICAL RECOVERY ANALYSIS IS INTENDED TO BE OR CONSTITUTES A CONCESSION OR ADMISSION OF THE DEBTOR.

EVENTS AND CIRCUMSTANCES OCCURRING SUBSEQUENT TO THE DATE ON WHICH THIS RECOVERY ANALYSIS WAS PREPARED MAY BE DIFFERENT FROM THOSE ASSUMED, OR, ALTERNATIVELY, MAY HAVE BEEN UNANTICIPATED, AND THUS THE OCCURRENCE OF THESE EVENTS MAY AFFECT THE ANALYSIS IN A MATERIALLY ADVERSE OR MATERIALLY BENEFICIAL MANNER. THE DEBTOR DOES NOT INTEND AND DOES NOT UNDERTAKE ANY OBLIGATION TO UPDATE OR OTHERWISE REVISE THE RECOVERY ANALYSIS (OR ANY OTHER PART OF THIS DISCLOSURE STATEMENT) TO REFLECT EVENTS OR CIRCUMSTANCES EXISTING OR ARISING AFTER THIS RECOVERY ANALYSIS IS INITIALLY FILED OR TO REFLECT THE OCCURRENCE OF UNANTICIPATED EVENTS. THEREFORE, THE RECOVERY ANALYSIS MAY NOT BE RELIED UPON AS A GUARANTEE OR OTHER ASSURANCE OF THE ACTUAL RESULTS THAT WILL OCCUR. IN DECIDING WHETHER TO VOTE TO ACCEPT OR REJECT THE PLAN, HOLDERS OF CLAIMS MUST MAKE THEIR OWN DETERMINATIONS AS TO THE REASONABLENESS OF SUCH ASSUMPTIONS AND THE RELIABILITY OF THE RECOVERY ANALYSIS.

THIS RECOVERY ANALYSIS WAS DEVELOPED SOLELY TO ENABLE THE HOLDERS OF CLAIMS ENTITLED TO VOTE UNDER THE PLAN TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN AND SHOULD NOT BE USED OR RELIED UPON FOR ANY OTHER PURPOSE, INCLUDING THE PURCHASE OR SALE OF CLAIMS AGAINST THE DEBTOR OR SECURITIES OF, OR CLAIMS OR INTERESTS IN, THE AFFILIATES.

The table below summarizes the recovery estimates for proceeds that would be available for distribution both under the Plan and in a hypothetical chapter 7 bankruptcy case.

01:13502239.9

|  | Scenario | |
|---|---|---|
|  | Chapter 7 Liquidation | Chapter 11 Reorganization |
| Cash | $ 195.8 | $ 195.8 |
| Reinsurance Subsidiary Cash | 5.0 | 5.0 |
| MIC and Surplus Note | - | - |
| PMI Capital I | - | - |
| PMI Capital Corp. | - | - |
| Homeowner Reward Co. | - | - |
| **Total Value of Distributable Assets** | $ 200.8 | $ 200.8 |

| Claims Treatment and Classification | Liquidation Allowed Claim | Reorganization Allowed Claim | Liquidation Case Recovery % | Reorganization Case Recovery % |
|---|---|---|---|---|
| Trustee / Post-Confirmation Estate Fees | $ 6.0 | $ 1.0 | | |
| Professional Fee Holdbacks | - | - | | |
| Tax-Related Payments | - | - | | |
| Settlement Related Causes of Action | 20.0 | - | | |
| Administrative Expenses & Claims | $ 26.0 | $ 1.0 | n/a | n/a |
| Priority Tax Claims | $ - | $ - | n/a | n/a |
| Priority Non-Tax Claims | - | - | n/a | n/a |
| Secured Claims | - | - | n/a | n/a |
| General Unsecured - Senior Notes | 691.0 | 691.0 | 25% | 29% |
| Employee Claims / Retirement Benefits | 1.4 - 5.4 | 1.4 - 5.4 | 23% | 27% - 26% |
| General Unsecured - Tax Claims | 4.9 | 4.9 | 23% | 27% - 26% |
| General Unsecured - PBGC | - | - | n/a | n/a |
| General Unsecured - Affiliate Payables | - | - | n/a | n/a |
| General Unsecured - Subordinated Notes | 52.9 | 52.9 | 0% | 0% |
| General Unsecured - Subordinated Tax Claims | 0.4 | 0.4 | 0% | 0% |
| Convenience Claims (Trade) | 0.1 | 0.1 | 23% | 90% |
| Equity Interests | $ - | $ - | 0% | 0% |

3

## NOTES TO RECOVERY ANALYSIS

*Note A – Cash and Equivalents*

The Recovery Analysis assumes that no additional cash would be generated subsequent to the Liquidation Date for distribution to creditors. All projected outstanding cash and cash equivalent balances are assumed to be 100% recoverable.

*Note B – Interests in Subsidiaries*

This value represents the Debtor's residual interest in its subsidiaries, including equity of MIC, the Principal Reinsurance Subsidiaries, and various non-insurance subsidiaries.

*Note C – Trustee / Post-Confirmation Estate Fees*

In a chapter 7 scenario, this value represents the expected fees and expenses of professionals to the Trustee following the Liquidation Date. It is anticipated that, in a hypothetical Chapter 7, the Trustee could expend significant time and expense (perhaps over several years) in an attempt to attain further value. Among other professionals, the Trustee could retain bankruptcy counsel, regulatory counsel, tax counsel, and accountants. In addition, the Trustee may engage in litigation in connection with the Debtor's interests.

Under the Plan, the Reorganized Debtor would incur post-confirmation expenses, including, but not limited to, claims administration, creditor distributions and the closing of the chapter 11 case.

*Note D – Chapter 11 Professional Fees*

It is assumed that the Debtor paid all chapter 11 Professionals on a current basis prior to the confirmation of a Plan or conversion to a chapter 7 case. Accordingly, no chapter 11 Professional Claims are paid in either scenario.

*Note E – Settlement Related Causes of Action*

The Stipulation described in Section II.D.16 of the Disclosure Statement expressly provides, among other things, that the Debtor shall not "support, propose, file and/or prosecute any…action in the Chapter 11 Case that purports to alter, amend or modify…in any respect the obligations or rights of any other Party under this Stipulation or any document required or contemplated hereby…." It is possible that a conversion of the Chapter 11 Case to a chapter 7 case could have the effect of terminating certain Tax Attributes of the Consolidated Group, thereby altering, amending and/or modifying the rights of the parties to the Settlement. In such instance, the Debtor assumes the Defendants would pursue Causes of Action against the Estate to, among other things, seek recovery of the $20 million payment made to the Estate in respect to MIC's use of the NOLs, which would likely no longer be available. The Recovery Analysis assumes this amount is recoverable from the Estate in a chapter 7 as an Administrative Expense Claim. In the event of a loss of the Tax Attributes, other damages are likely to be asserted by the Defendants; potential additional Causes of Action include those related to breach of the

Stipulation and the related agreements and other Causes of Action. The potential exposure under these Causes of Action is not included in the Recovery Analysis, but could be significant.

*Note F – General Unsecured Tax Claims*

General unsecured tax claims represent a tax liability of $4,862,835 related to the Consolidated Group's 2011 federal income tax return, filed on September 12, 2012. The Debtor and its affiliates are joint and severally liable for this payment.

*Note G – Priority Non-Tax Claims*

The Debtor does not anticipate any material Priority Non-Tax Claims will be allowed, either in the Plan or against the hypothetical chapter 7 estate.

*Note H – General Unsecured Claims*

This value represents the estimated aggregate amount of general unsecured claims that would be allowed, either in the Plan or against the chapter 7 estate, including $691 million of Senior Notes Claims, $53 million of Subordinated Note Claims, trade claims, and employee claims. This Recovery Analysis also reflects the effects of the Subordination Provisions